CARMEN, BRAULIO, SANTOS y ANA ELBA PONCE, representados por su padre con patria potestad ANTONIO PONCE, peticionarios, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. RICARDO A. GÓMEZ, JUEZ SUSTITUTO de dicha Corte, demandada.

Núm. 1065.—*Sometido:* Enero 27, 1936. *Resuelto:* Julio 8, 1936.

*Virgilio Brunet,* abogado de los peticionarios; *F. Manuel Toro,* abogado de la interventora Russell & Co., Sucrs., S. en C., demandante en el pleito principal.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Oscar Ponce, conocido por Oscar Ramos, murió en un accidente el día 15 de julio de 1932. Su patrono y propio asegurador, Russell & Company, aceptó que el accidente fué uno que daba al empleado el derecho a recibir compensación de conformidad con la Ley de Indemnizaciones a Obreros de 1928 (Ley núm. 85, pág. 631). A fin de determinar quiénes eran los beneficiarios de acuerdo con el párrafo tercero de la Ley 85 de 1928, y tan sólo para dicho fin, se celebró una vista ante la Comisión Industrial el 11 de marzo de 1933. El procedimiento quedó abierto para la presentación, por los supuestos beneficiarios, de cierta prueba documental adicional demostrativa de que ellos eran los verdaderos herederos por

dependencia del empleado muerto e igualmente para demostrar que el verdadero nombre del empleado era Oscar Ponce, esto último, no como cuestión indispensable, sino como cuestión que era prudente aclarar para fines de identificación. Los peticionarios trataron de hacer esto, y el 16 de junio de 1933, la Comisión resolvió que ellos eran los herederos y beneficiarios del empleado y les concedió $1,500. La Corte de Distrito de Mayagüez, en revisión, anuló esta resolución por el motivo específico de que la Comisión Industrial carecía de facultad para determinar quiénes eran los herederos por dependencia de un empleado fallecido, citando el caso de *Anacleto Santiago v. Comisión Industrial*, aparentemente de la Corte de Distrito de Mayagüez, como autoridad y como parte de su opinión. La corte también resolvió que la comisión no tenía autoridad para determinar los grados de parentesco. La decisión de la corte de distrito ordenaba que se devolvieran a la comisión los autos del caso a los efectos de ley.

Dos días más tarde, o sea en 6 de abril de 1934, los peticionarios, acompañando a ella una declaración judicial de herederos del empleado que habían obtenido y una resolución judicial sobre el verdadero nombre del finado, radicaron una nueva moción ante la Comisión solicitando que se les declarara beneficiarios de acuerdo con la ley. El patrono se opuso a esta moción, insistiendo en que la Comisión Industrial carecía de jurisdicción para considerarla, toda vez que la decisión de la corte de distrito era definitiva y no podía ser revisada a no ser mediante *certiorari* por la Corte Suprema de Puerto Rico.

El 18 de enero de 1935, a moción del patrono, la corte inferior explicó, o trató de explicar, su resolución de abril 4, 1934, resolviendo que la misma tenía el efecto de una disposición definitiva del asunto y que los autos habían sido devueltos a la comisión para que fuesen archivados permanentemente. Probablemente antes de que se le notificara de hecho esta actuación explicativa de la corte de distrito, o quizá a pesar de la misma, la comisión, el 21 de enero de

1935 y a tenor de los documentos presentádosle, *ubi supra*, por segunda vez declaró que los peticionarios eran los beneficiarios del empleado muerto y les concedió una compensación de $1,500. Una moción de reconsideración fué presentada, pero la misma fué retirada antes de que la comisión actuara sobre ella. En revisión para ante la Corte de Distrito de Mayagüez, dicha corte, con fecha 6 de diciembre de 1935, ánuló y revocó la segunda resolución de la comisión y devolvió los autos para que fueran permanentemente archivados.

Toda vez que esta sentencia de diciembre 6, 1935, forma la base del presente recurso de *certiorari,* analizaremos su razonamiento. La corte consideró dos cuestiones:

1. ¿Tenía la Comisión Industrial jurisdicción para dictaminar por segunda vez?

2. Si la tenía, ¿siguió el procedimiento fijado por la ley?

■■ En cuanto al primer punto, la corte inferior resuelve que la comisión carecía de jurisdicción. Ella da énfasis a la primera resolución de la corte y a su explicación de enero 18, 1935, al efecto de que resolvió el caso permanentemente. La corte inferior igualmente cita el párrafo 15 de la ley de 1928, supra, cuya última oración lee:

"Las decisiones de la corte tendrán el mismo efecto que una sentencia dictada en juicio, pero no se dará apelación contra dicha sentencia."

La decisión última fué que a los peticionarios asistía solamente el recurso de *certiorari* contra la primera resolución y que habiendo dejado de valerse del mismo, no podían volver a la Comisión Industrial y lograr que ésta actuara nuevamente.

Así, pues, del razonamiento de la corte inferior es evidente que ella consideró que la primera resolución disponía definitivamente del asunto. El proceder de los peticionarios al acudir de nuevo a la comisión era el natural. La corte, al momento de dictar su primera decisión, únicamente tenía ante sí la cuestión relativa a la identidad de los beneficiarios.

Halló que la entidad administrativa al determinar los herederos había actuado sin facultad e indicó hasta cierto punto cómo tal falta podía ser subsanada. La corte originalmente nada resolvió al efecto de que la comisión había agotado sus poderes. En nuestra opinión, por tanto, el único efecto que la primera resolución de la corte inferior tuvo, o pudo tener, fué negarles indemnización a estos peticionarios si dejaban de probar su identidad ante la comisión de una manera más formal. Con una posible excepción, nada hay en la ley que prohiba a un beneficiario presentar prueba judicial de su calidad de heredero para subsanar el único defecto a que está sujeta su reclamación. La interpretación posterior de la corte sobre el efecto de su resolución, sin embargo, no estuvo justificada debido a que todo el caso originalmente no había estado ante ella, sino meramente una cuestión aislada de derecho, o sea la facultad de la comisión para determinar quiénes son los herederos. Parecería que la comisión no estaba revisando la resolución de la corte de distrito o actuando en violación de la misma. Por el contrario, trataba de seguir la sugestión hecha por la corte.

La supuesta excepción, a que nos referimos, la constituye el artículo 20 de la ley, supra, que lee:

"En cualquier caso en que fuere necesario determinar los herederos de un obrero fallecido, la Comisión lo comunicará inmediatamente al Attorney General para que ante la corte de distrito que corresponda, por el fiscal de la misma o cualquier oficial jurídico facultado para actuar como fiscal, practique todas las diligencias procedentes hasta obtener la declaratoria de herederos del obrero fallecido, remitiéndola a la Comisión; *Disponiéndose,* que esta clase de expedientes serán tramitados con toda urgencia por las cortes sin necesidad de incluirse en el calendario especial; y *Disponiéndose, además,* que no se cobrará por la corte ni por sus funcionarios, costas ni derecho alguno por la tramitación y aprobación de tales expedientes, ni por las certificaciones que se libren para uso de la comisión. Los encargados del registro civil expedirán gratis todas las certificaciones que fueren necesarias al propósito indicado."

A nuestro juicio, esta disposición existe puramente para la protección y conveniencia de litigantes pobres, que constituyen la mayoría de los reclamantes bajo la ley de indemnizaciones a obreros. No impide que los reclamantes obtengan su propia declaración de herederos si ellos optan por pagarla.

Se descansa en parte en la siguiente sección:

"Sección 13.—Si se radicare una petición de revisión de acuerdo con la sección precedente, la Comisión Industrial oirá a las partes, y la evidencia pertinente, y podrá revisar la decisión en todo o en parte, o podrá devolver el caso al Comisionado para nuevas investigaciones de hechos, y radicará su decisión en el expediente, notificando a las partes. Ninguna parte tendrá derecho a una segunda vista sobre cuestiones de hechos."

La corte da énfasis a la última oración y sostiene que su precepto fué infringido. Sin considerar la ambigüedad de la sección, no hubo claramente una segunda vista sobre los hechos. ■ La cuestión, de haberla, fué una de derecho, puesto que el hecho de quiénes constituían los herederos no podía ser determinado por la Comisión. El artículo necesariamente se refiere a cuestiones de hecho sobre las cuales la comisión tiene jurisdicción.

En lo atinente a la objeción de que a Russell & Company no se le dió la oportunidad de atacar la admisibilidad de los documentos presentados, uno podría decir que la firma fué notificada de la moción presentada por los peticionarios y meramente atacó la jurisdicción de la Comisión para considerarla. Su admisibilidad pudo haber sido resuelta por la corte de distrito, de haberle llamado la atención Russell & Company sobre el particular.

■ La ley quizá pudo ser redactada en forma distinta y dar a la comisión poderes más amplios, mas creemos que cuando un caso de esta naturaleza va ante ella, luego de la Comisión haber concedido una indemnización, una corte de distrito tiene facultad plenaria para ver que los verdaderos herederos reciban el beneficio de la compensación. Éste es el espíritu de la ley.

*La resolución de diciembre 6, 1935, debe ser anulada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.