LEONOR SABATER, peticionaria, *v.* CORTE DE DISTRITO DE PONCE, HON. ROBERTO H. TODD, JR., JUEZ, demandada; COMISIÓN INDUSTRIAL DE PUERTO RICO, apelante.

Núm. 7636. *Sometido:* Abril 21, 1938. *Resuelto:* Enero 20, 1939.

*M. León Parra,* abogado de la apelante; *Virgilio Brunet,* abogado de la peticionaria apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

La Comisión Industrial resolvió que el hijo póstumo de un obrero fallecido tenía derecho a recibir compensación, bajo la "Ley de Indemnizaciones por Accidentes del Trabajo" de 1928 (Leyes de ese año, pág. 631). La decisión de la Comisión Industrial fué confirmada por una sentencia de la corte de distrito. La sentencia de la corte de distrito fué anulada por una emitida en un recurso de *certiorari,* luego de expedirse el auto por uno de los jueces de este tribunal en funciones de turno. El presente recurso ha sido interpuesto contra la sentencia últimamente mencionada.

La corte de distrito decidió que la Comisión Industrial tenía facultad para resolver, como resolvió, que la madre del hijo póstumo, como concubina del padre, dependía razonablemente de éste para su subsistencia hasta el momento de su muerte. Este fallo de la Comisión no fué alterado por la sentencia de la corte de distrito ni por la emitida en el recurso de *certiorari.* La médula de esta última sentencia fué al efecto de que los hijos póstumos no estaban incluídos en el inciso 5 de la sección 3 de la Ley de Indemnizaciones por Accidentes del Trabajo de 1928. Esa sección, tal como regía al momento de ocurrir el fallecimiento del padre, incluía "los hijos legítimos y nietos legítimos, y los hijos ilegítimos, sean o no naturales, del obrero fallecido, que dependieran de modo razonable para su subsistencia de lo que ganaba aquél, al tiempo de su muerte." (Pág. 639.) La ley no excluyó, ni expresamente ni por necesaria inferencia a los hijos póstumos. No debe excluírseles mediante una interpretación estricta. Según se hizo constar por el juez de distrito para todo fin provechoso, un niño *en*

*ventre sa mere* usualmente es considerado como nacido. 1 Bouvier 1038. A tenor de las disposiciones del Artículo 919 del Código Civil de Puerto Rico (ed. de 1930) "la viuda que quede en cinta, aún cuando sea rica, deberá ser alimentada de los bienes hereditarios, habida consideración a la parte que en ellos pueda tener el póstumo, si naciere y fuere viable." Debe presumirse que la Asamblea Legislativa tenía conocimiento de esta disposición, del principio general de que los niños *en ventre sa mere* son considerados para ciertos fines como nacidos, y de otras disposiciones del Código Civil basadas en este principio o de conformidad con él. No obstante, la Asamblea Legislativa, al aprobar el inciso 5 de la sección 3, supra, no creyó conveniente establecer una diferencia entre los hijos de un obrero lesionado nacidos antes de su muerte y los nacidos después de ella. *Ubi lex non distinguit nec nos distinguere debemus.*

En el año 1935 la Ley de Indemnizaciones por Accidentes del Trabajo de 1928 fué derogada y suplantada por una nueva ley (Leyes de ese año, pág. 251). El inciso 5 del artículo 3 de esta nueva ley prescribe en parte como sigue:

"Si el obrero o empleado dejare una viuda, padres, hijos, legítimos o ilegítimos, o hijos póstumos, fueran éstos o no naturales o adoptivos, o nietos, cualquiera de los cuales dependiera total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte, recibirán una compensación . . ."

La peticionaria en el recurso de *certiorari*, ahora apelada, da algún énfasis al hecho de que las palabras "hijos póstumos" fueron incluídas en el inciso 5 al ser reenactado en 1935. Este cambio en la letra de la ley no significa necesariamente una intención previa por parte de la Asamblea Legislativa de excluir en 1928 a los hijos póstumos. Es igualmente consistente, por no decir más consistente, con la intención en 1935, de disipar cualquier duda que pudiera haber surgido sobre el alcance del inciso 5 y eliminar la posibilidad de futuras interpretaciones erróneas.

■ Otra alegación de la peticionaria en el recurso de, *certiorari* fué que en ausencia de una declaratoria de herederos anterior, hecha por una corte de distrito, la Comisión Industrial no tenía facultad para determinar la cuestión de herencia. La sentencia en el recurso de *certiorari* contiene un *dictum* que tiende a sostener esta contención.

Las secciones 13 y 20 de la ley de 1928 disponían en parte como sigue:

"Sección 13.—Si se radicare una petición de revisión de acuerdo con la sección precedente, la Comisión Industrial oirá a las partes y la evidencia pertinente, y podrá revisar la decisión en todo o en parte, o podrá devolver el caso al Comisionado para nuevas investigaciones de hechos . . ."

"Sección 20.—En cualquier caso en que fuere necesario determinar los herederos de un obrero fallecido, la Comisión lo comunicará inmediatamente al *Attorney General* para que ante la corte de distrito que corresponda, por el fiscal de la misma o cualquier oficial jurídico facultado para actuar como fiscal, practique todas las diligencias procedentes hasta obtener la declaratoria de herederos del obrero fallecido, remitiéndola a la Comisión . . ."

En el presente caso, conforme indicó la corte de distrito, la Comisión no consideró la cuestión de herencia. La controversia existía entre la madre del obrero fallecido, quien era casado, y su hijo ilegítimo, nacido como resultado de relaciones adulterinas con la madre del menor. La madre del finado obrero, había obtenido y presentado una declaratoria de herederos que establecía su *status* como única y universal heredera del obrero, excepto en cuanto a la cuota usufructuaria de la cónyuge viuda. La corte de distrito no sólo aceptó sino que expresamente hizo constar como opinión suya, que en ausencia de una declaratoria de herederos anterior, hecha por la corte de distrito, la Comisión no podía decir quiénes eran los herederos de un obrero fallecido. Citó como autoridad el caso de *Ponce* v. *Corte de Distrito,* 50 D.P.R. 354. El niño no era heredero y por tanto no pudo obtener una declaratoria de herederos. Lo que la Comisión decidió, aparte de cualquiera cuestión de herencia, fué que

un hijo no nacido, si su madre dependía para su subsistencia de lo que ganaba el padre, dependía también para sus alimentos de esos jornales, y por consiguiente tenía derecho a recibir compensación de acuerdo con la ley de 1928.

Los hijos ilegítimos, aún cuando no sean hijos naturales, tienen derecho a alimentos. Artículo 128 del Código Civil (ed. de 1930). Debemos asumir que la Asamblea Legislativa tenía conocimiento de esto. Empero, el inciso 5 de la sección 3 no discrimina ni en favor de los hijos naturales ni en contra de los hijos ilegítimos que no son naturales. No encontramos prueba alguna de que la intención legislativa en la ley de 1928 fuera excluir a los hijos ilegítimos que no son naturales, simplemente porque éstos no podían tener éxito en un pleito de filiación ni obtener una declaratoria de herederos.

█ Los beneficiarios enumerados en el inciso 5 de la sección 3 de la ley de 1928, no reciben compensación por herencia o de cualquier otro modo, a menos que "dependieran de modo razonable" para su subsistencia de lo que ganaba el obrero. Si no dependen para su subsistencia de esos jornales, nada reciben. Si los padres, viuda o viudo son dependientes, y los hijos legítimos no lo son, los hijos legítimos no reciben nada. Si los hijos ilegítimos, que no tienen el concepto de naturales, son dependientes y los hijos legítimos o los naturales reconocidos no lo son, entonces los legítimos y los naturales reconocidos nada reciben. El dinero no es distribuído entre los herederos de conformidad con las disposiciones estatutarias que regulan la herencia y su distribución. Será "distribuído equitativamente entre todos los parientes mencionados en atención a la condición y necesidades y grado de parentesco y dependencia de cada uno."

█ Se requiere tan sólo la declaratoria de herederos "cuando es necesario determinar los herederos de un obrero fallecido." Esa declaratoria de herederos, fuera necesaria o no, se obtuvo en el presente caso. Cuando, como ocurre aquí, el estado legal del único heredero, que es también bene-

ficiario, ha sido debidamente establecido por una declaratoria de herederos tramitada en debida forma, la ley no requiere que otro beneficiario que no es heredero obtenga también una declaratoria de herederos, como requisito previo jurisdiccional, para que la Comisión actúe favorablemente sobre su reclamación.

*La sentencia apelada debe ser revocada y devolverse el caso a la corte de distrito.*

Los Jueces Asociados Sres. Wolf y De Jesús no intervinieron.