RAFAEL DE J. CORDERO, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; ANTONIA ORTIZ, ETC., peticionaria en el caso del obrero Domingo Báez.

Núm. 246.—*Sometido:* Junio 22, 1942. *Resuelto:* Noviembre 4, 1942.

*Hon. Procurador General George A. Malcolm, G. Benítez Gautier,
Subprocurador Auxiliar,* y *G. Atiles Moréu, A. de Jesús Matos* y
*A. Correa Suárez,* asesores legales los tres últimos del Fondo del
Seguro del Estado, abogados del recurrente; *Pedro M. Porrata,*
abogado de la peticionaria Antonia Ortiz.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tri-
bunal.

El obrero Domingo Báez falleció el 21 de noviembre de
1938 como consecuencia de un accidente del trabajo, mientras
actuaba como peón de un camión del patrono asegurado Su-
cesión Lucas P. Valdivieso. Practicada la investigación de
rigor, el Administrador del Fondo del Seguro del Estado
con fecha 5 de abril de 1939 resolvió que se trataba de un
accidente del trabajo y que la única persona que dependía
del obrero para su subsistencia era su madre legítima Evan-
gelina Rodríguez viuda de Báez, por lo que le adjudicó toda
la compensación, ascendente a la suma de $1,754.62, a ser
pagada a razón de $30 mensuales con efecto retroactivo al
mes siguiente al en que falleció el obrero. Posteriormente,
el 13 de octubre de 1939, la referida beneficiaria presentó al
Administrador una solicitud de anticipo por la suma de $600
con cargo a la compensación concedida, y previa la corres-

pondiente investigación, el 29 de noviembre siguiente el Administrador la concedió, sujeta desde luego a la aprobación de la Comisión Industrial, aprobación que tuvo efecto el 4 de diciembre de 1939.

Así las cosas, cuando habían transcurrido nueve meses y veintiseis días desde que la madre del obrero había sido declarada su única beneficiaria y cuando sólo le quedaba por recibir con cargo a la compensación la cantidad de $659.62, Antonia Ortiz, por conducto de su abogado, el 31 de enero de 1940 envió al Administrador copia de la carta que había dirigido a la Comisión Industrial, en la que le notificaba que ella había sido novia de Domingo Báez y que era madre de un hijo póstumo de dicho obrero. Dos días después presentó Antonia Ortiz en el Fondo del Seguro del Estado su petición formal de compensación a favor de su indicado hijo José Manuel Ortiz. Tan pronto tuvo noticias el Administrador de las pretensiones de Antonia Ortiz, suspendió los pagos mensuales que venía haciendo a Evangelina Rodríguez, madre del obrero, hasta que en definitiva se resolviese la nueva reclamación, quedando, como se ha dicho, en poder del Fondo el balance indicado. Una semana después el Administrador inició una investigación sobre las pretensiones del hijo póstumo y el 15 de marzo de 1940 denegó su petición por insuficiencia de la prueba.

Antonia Ortiz recurrió ante la Comisión el 21 de marzo de 1940, la que finalmente y después de oír la prueba de las partes interesadas, el 17 de abril de 1942 resolvió que José Manuel Ortiz es hijo póstumo del obrero Domingo Báez, con derecho a participar en la compensación que había sido otorgada a la madre del obrero, fijando su participación en la mitad de la suma de $1,754.62 antes mencionada.

Solicitó reconsideración el Administrador y le fué denegada, interponiendo entonces el presente recurso de revisión.

A poco que se medite sobre los hechos de este caso, se comprenderá fácilmente que la Comisión Industrial, al

dictar su resolución el 17 de abril de 1942 y denegar la reconsideración el 5 de mayo siguiente, perdió de vista un hecho esencial que le hubiera permitido resolver la controversia rápidamente y sin dificultad alguna. Las leyes sobre compensaciones por accidentes del trabajo en casos de muerte van encaminadas a indemnizar a aquél que en realidad es materialmente perjudicado por la muerte del obrero, o sea al que dependía de él para su subsistencia, sin tener en cuenta la relación de parentesco cuando no exista tal dependencia. De ahí el aforismo que dice que las leyes de compensaciones por accidentes del trabajo son leyes de dependencia y no de herencia. Ese principio se halla consignado en el apartado 5 del artículo 3 de nuestra vigente ley, que al tratar de la compensación en casos de muerte, en lo pertinente prescribe:

"Si el obrero o empleado dejare una viuda, padres, hijos legítimos o ilegítimos, o hijos póstumos, fueran éstos o no naturales o adoptivos, o nietos, *cualquiera de los cuales* dependiera total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte, recibirán una compensación de mil (1,000) dólares a tres mil (3,000) dólares que se graduará en atención a la capacidad económica del obrero o empleado fallecido y sus probabilidades de vida, de acuerdo con las reglas que deberá preparar el Administrador del Fondo del Estado, las que tendrán fuerza de ley después de aprobadas por la Comisión Industrial y el Gobernador, y promulgadas de acuerdo con la Ley. Dicha compensación se distribuirá entre los parientes mencionados, atendiéndose a la condición, necesidades, grado de parentesco y dependencia de cada uno, según se decida por el Administrador de acuerdo con los hechos."

Si examinamos detenidamente la parte antes transcrita del apartado 5 del artículo 3, veremos que después de mencionar entre las personas con derecho a indemnización a la viuda, padre, hijos legítimos o ilegítimos, adoptivos, o hijos póstumos, expresamente agrega:

". . . . *cualquiera de los cuales dependiera total o parcialmente para su subsistencia* de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte. . . .''

De manera, pues, que la relación de dependencia es requisito indispensable para poder participar en la compensación. Pero en este caso, como más adelante veremos, el menor no dependía del trabajo del obrero. A primera vista parece una anomalía pretender que un hijo póstumo haya dependido de su padre para su subsistencia. Cierto es que no ha podido depender directamente, pero sí lo pudo indirectamente, a través de su madre mientras se hallaba en el claustro materno. Es verdad que con arreglo al artículo 24 del Código Civil el nacimiento determina la personalidad jurídica, pero no es menos cierto, como hemos visto, que la Ley de Compensaciones por Accidentes del Trabajo, a los fines de la compensación, extiende sus efectos hasta la vida intrauterina del hijo del obrero, toda vez que en el apartado 5 de su artículo 3 exige que para que el póstumo tenga derecho a participar en la compensación, al. igual que los demás hijos nacidos antes del fallecimiento del padre, que haya dependido total o parcialmente para su subsistencia de lo que aquél ganaba. Véase la discusión que sobre este punto aparece en *Sabater* v. *Corte,* 54 D.P.R. 101, 103.

Cuando de hijos legítimos póstumos se trata, se ha resuelto por la Corte Suprema de Pennsylvania que si al fallecer el obrero o empleado, los esposos se hallaban separados y el marido, con la aquiescencia de la esposa, no contribuía entonces a su subsistencia, en tal caso se entenderá que la esposa había repudiado la obligación legal por parte del marido de sostenerla y se presume concluyentemente que el hijo póstumo no dependía del trabajo de su padre para su subsistencia. Por el contrario, cuando la esposa no había repudiado esa obligación del marido, a pesar de que éste hubiere rehusado cumplir con ese deber legal contra la voluntad de ella, ese incumplimiento por parte del marido no perjudica a su cónyuge ni a la prole póstuma, y tanto la una como la otra se consideran dependientes del obrero con derecho a participar de la compensación que se conceda por su

muerte. *Shimkus* v. *Philadelphia & Reading Coal & Iron Co.* (1924) 124 A. 335, y casos citados. Es evidente que la misma regla debe aplicarse *mutatis mutandi* cuando se trate de hijos legítimos no póstumos, pues donde existe la misma razón debe aplicarse la misma ley.

Pero la regla que acabamos de enunciar no es aplicable al presente caso. No existió aquí la relación conyugal entre el obrero y la madre del póstumo. En ningún momento dependió aquélla del trabajo del obrero para su subsistencia, pues ella misma declaró y toda la evidencia que presentó fué al efecto de que ella y el obrero eran novios simplemente; que sus relaciones se mantenían ocultas, tan ocultas que la madre de ella, de quien Antonia Ortiz dependía para su subsistencia, tuvo conocimiento de las mismas al comunicárselo su indicada hija al ocurrir la muerte del obrero. En circunstancias tales, la razón natural indica que el criterio a seguir para determinar si el póstumo tiene derecho a participar en la compensación es el siguiente: ¿Dependía la madre para su subsistencia total o parcial del trabajo del obrero mientras el hijo póstumo se hallaba en el claustro materno y hasta el fallecimiento de su alegado progenitor?

En el presente caso la negativa se impone. La evidencia concluyentemente demuestra que la madre en ningún momento dependió del obrero, y si esto es así, faltando el requisito indispensable de la dependencia, el reclamante no tiene derecho a participar en la compensación. Parecerá duro privar al menor de su participación, si en realidad es hijo del obrero, pero mientras la ley de Compensaciones por Accidentes del Trabajo sea una ley de dependencia y no de herencia, y mientras la legislatura no derogue o modifique el apartado 5 del artículo 3 de la citada ley, no cabe resolver la cuestión de otro modo sin contravenir la letra y el espíritu del citado precepto legal.

En el caso de *Sabater* v. *Corte,* supra, se resolvió que aun bajo el imperio de la Ley de Indemnizaciones a Obreros por

Accidentes del Trabajo, de 1928, los hijos póstumos tenían derecho a recibir compensación por la muerte de su padre a pesar de que tales hijos no se mencionaban expresamente entre las personas que con arreglo a dicha ley tenían derecho a participar en la compensación. Pero aquel caso fácilmente se distingue del que nos ocupa. Allí se declaró probada la relación de concubinato entre los padres del reclamante, así como también que la madre, hasta el fallecimiento del obrero, dependía de él para su subsistencia.

Precisamente ese fué el error de la Comisión. Olvidando el requisito indispensable de la dependencia, dirigió toda su atención a determinar si el reclamante era en verdad hijo póstumo del obrero, y al resolver que lo era, por ese solo hecho, ordenó que la compensación que había sido concedida a la madre del obrero, que en realidad dependía de él para su subsistencia, fuese dividida de por mitad entre ella y el alegado nieto, que no dependía de él.

■ Hasta este momento nada habíamos dicho acerca de la jurisdicción de la Comisión Industrial para determinar la filiación de un reclamante por la muerte de un obrero. La resolución de este punto no es estrictamente necesaria para llegar a la conclusión a que por los razonamientos expuestos habremos de llegar. Empero, creemos necesario decir algo sobre la cuestión, ya que nuestro silencio podría inducir a error. En nuestra opinión la Comisión invadió la jurisdicción de los tribunales de justicia al tratar de determinar la paternidad del reclamante. Si para tramitar la declaratoria de herederos de un obrero la propia ley ordena que se recurra a los tribunales de justicia, con igual razón debe recurrirse a ellos cuando de determinar la filiación de un hijo, sea o no póstumo, se trate.

■ Podrá argüirse que careciendo la Comisión de jurisdicción para resolver sobre la paternidad del reclamante, todo lo actuado dentro de dicho procedimiento es nulo y por consiguiente no debe tomarse en cuenta la declaración de

Antonia Ortiz y la de sus testigos, demostrativas de que ella no dependía para su subsistencia, en ningún momento, ni total ni parcialmente, del trabajo del obrero Domingo Báez. Tal proposición sería insostenible dentro de las circunstancias de este caso, pues si bien la Comisión no tiene facultad para resolver la cuestión de filiación, es evidente que la tiene para investigar la relación de dependencia de las personas que reclaman compensación y para fijar la que corresponda a cada una de ellas. Apareciendo de la declaración de Antonia Ortiz que en cuanto a ella no existía tal dependencia, y por consiguiente tampoco podía existir en cuanto a su hijo, lo procedente era cerrar ahí la investigación y ni siquiera exigir que se presentara una declaración judicial sobre el hecho de la paternidad, ya que tal declaración sería inútil ante la admisión de falta de dependencia.

██ Una última cuestión nos resta por discutir antes de concluir esta opinión. En la súplica del escrito de revisión el Administrador del Fondo pide que revoquemos las resoluciones recurridas de 17 de abril y de 5 de mayo de 1942 en cuanto ordena la primera y ratifica la segunda, que se pague al menor José Manuel Ortiz la mitad de la compensación que había sido fijada en $1,754.62, y en su lugar solicita el Administrador que se dicte otra conceniendo a dicho menor el balance no pagado de dicha compensación, en poder del Administrador del Fondo del Estado, es decir, $659.62. No obstante tal súplica, toda vez que dicha suma, de acuerdo con los principios enunciados en esta opinión no pertenece al menor reclamante y sí a la madre del obrero, que no está representada en este caso por el Administrador, no puede dicha beneficiaria ser perjudicada por las manifestaciones del Administrador en la citada súplica. Además no debemos olvidar que estamos revisando la decisión de un tribunal administrativo y es de tenerse en cuenta la marcada diferencia existente entre el procedimiento judicial y el administrativo. El primero, más inflexible y formal que el segundo,

al resolver las controversias se atiene exclusivamente a las alegaciones y a la prueba que le han presentado los litigantes, incluyendo por supuesto cualquier información que el tribunal pueda derivar del conocimiento judicial. El segundo, por el contrario, huye del rigorismo del primero y desdeña toda formalidad que pueda impedirle impartir justicia sustancial en cada caso. Véase Landis, *The Administrative Process,* página 38 *et seq.* En armonía con esa norma del derecho administrativo, nuestra Ley de Compensaciones por Accidentes del Trabajo, en su artículo 35 prescribe que "Los obreros o empleados no necesitarán comparecer asistidos de abogados ante el Administrador del Fondo del Estado o ante la Comisión Industrial para la gestión, liquidación o resolución de sus casos . . ." Este principio fué aplicado recientemente por nosotros en el caso de *Tomás* v. *Comisión Industrial,* 59 D.P.R. 860, 866. En dicho caso la viuda e hijos del obrero habían solicitado compensación por la muerte de éste, acaecida mientras trabajaba para un patrono que resultó no estar asegurado. Por razones que no aparecían del récord, el abogado de los reclamantes no ofreció prueba alguna tendente a demostrar la relación de dependencia entre éstos y el obrero. A pesar de ese defecto en la prueba, la Comisión falló a favor de los reclamantes, y entre otros señalamientos de error expusieron el de no existir evidencia alguna demostrativa de la relación de dependencia. Si hubiésemos seguido las normas del procedimiento judicial, ateniéndonos exclusivamente a lo que del récord aparecía, necesariamente hubiésemos tenido que revocar la resolución objeto del recurso y privar a los beneficiarios del obrero, por ese solo motivo, de todo derecho a compensación. Pero este tribunal considerando que la que revisaba era una decisión de la Comisión Industrial, echó a un lado el rigorismo del procedimiento judicial para dar paso a la flexibilidad del administrativo y devolvió el caso a dicha Comisión con instrucciones de que recibiera prueba de una y otra parte sobre

la relación de dependencia que pudiera haber existido entre los reclamantes y el obrero fenecido. De ese modo evitamos que un mero error de derecho o inadvertencia en la presentación de la prueba diera por resultado un fracaso de la justicia.

Si el propósito de la ley es que el procedimiento ante el Administrador y ante la Comisión sea lo más sencillo posible, si en armonía con ese propósito la propia ley advierte al obrero que no necesita comparecer asistido de abogado ante dichos funcionarios, ¿no violaríamos acaso el propósito del legislador e incurriríamos en la más grave de las injusticias si por no haber presentado su caso correctamente ante la Comisión Industrial privásemos al obrero total o parcialmente de la compensación que legalmente le corresponda?

*Procede, por lo expuesto, revocar las decisiones recurridas, declarar sin lugar la reclamación del menor José Manuel Ortiz, representado en este caso por su madre Antonia Ortiz, y en su consecuencia ordenar que los $659.62, balance de la compensación en este caso concedida a Evangelina Rodríguez viuda de Báez, sean pagados a dicha beneficiaria en los plazos dispuestos por el Administrador del Fondo del Estado.*

El Juez Asociado Sr. Travieso no intervino.